No. 31,022

MINNIE A. YORK, *Appellee*, v. JOSEPH E. BUNDY et al. (FRANK YORK), *Appellant*.

MINNIE A. YORK, *Appellee*, v. E. B. ALLEN et al. (FRANK YORK), *Appellant*.

(23 P. 2d 447.)

Opinion filed July 8, 1933.

*E. L. Foulke* and *Roy H. Wasson*, both of Wichita, for the appellants.

*J. W. Blood, R. C. McCormick* and *F. W. Prosser*, all of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order of the court sustaining a demurrer to the evidence offered in support of an application to have opened up a judgment obtained by publication service only, and to be permitted to defend. There were two cases in the same situation, but since they were consolidated in the court below and here, we shall speak of them as one.

On May 27, 1929, Minnie A. York filed a petition in an action to quiet title to certain lands in Sedgwick county. Among the parties named as defendants were M. D. York, plaintiff's husband, with whom she lived in Wichita, and a stepson, Frank York, who lived near her in Wichita, and with whom she was well acquainted. On the day the petition was filed there also was filed a journal entry of judgment purporting to quiet title in plaintiff against all the defendants named in the petition, but since at that time service of summons had not been had upon anyone, we presume no one contends that the journal entry recited a valid judgment. On the same day plaintiff filed her affidavit for publication service against all defendants, including her husband and stepson. This contained the usual recitals of such an affidavit, among others that plaintiff does not know and has diligently inquired but has been unable to learn

the place of residence of defendants, and is unable to procure actual service of summons on them within the state. A publication notice, regular in form, was duly published and proof thereof filed, and thereafter and on July 23, 1929, judgment was rendered for plaintiff, quieting her title to the real property in question, against the defendants, including M. D. York and Frank York. On October 31, 1930, Frank York, on behalf of himself and his father, whom he alleged to be physically and mentally incompetent, filed a petition to vacate the judgment. Afterwards, and in November, 1931, an amended petition and motion to vacate and open the judgment was filed, which alleged, among other things, that M. D. York had died, leaving Frank York as his sole heir. This application to open judgment set up the facts of the residence of the parties and their relation to plaintiff, alleged that the only service had upon the defendants was by publication, and that the applicant had no knowledge of the pendency of the action in time to appear and defend. This was in the form of an affidavit, and verified. It also contained a verified answer to the petition, which it is not necessary to analyze here further than to say that it contains allegations which, if sustained by proof, tend to defeat plaintiff's right to have the title to the real property in question quieted in her name. Plaintiff first demurred to the application, but her demurrer was overruled. She then filed an answer to it which controverted many of the allegations contained in the application filed by Frank York, and with reference to his knowledge of the pendency of the action it was alleged that he did have knowledge of it before judgment was taken, and that he had filed a written waiver of the issuance and service of summons as a voluntary appearance. No such instrument is shown by the record. On the hearing of the application to open the judgment, Frank York introduced the files of the case to show the nature of the action and that the only service of process filed upon him and M. D. York was by publication, and also presented his verified application, which contained the affidavit that neither he nor his father had any notice of the pendency of the action in time to appear and make a defense. The trial court sustained plaintiff's demurrer to this evidence, and Frank York has appealed.

In this court the appellee, as a reason the ruling of the court should be affirmed, says:

"The principal point in this appeal is that the appellant sought to support his motion to open up a judgment obtained by publication by merely his affi-

davit when he was in the court room and knew if he took the stand he would have to admit that he had full knowledge of the facts."

The statute (R. S. 60-2530) under which the application to open the judgment was made provides that the evidence on the question of the applicant's knowledge of the pendency of the action in time to appear and defend be taken by affidavit, and that plaintiff may controvert the affidavit of the applicant by a counter affidavit. There was therefore no reason to refuse to open the judgment because of the fact that the evidence was in the form of affidavits.

The application was made within the time provided by statute and in the form authorized by statute. An answer was filed putting in issue the allegations of plaintiff's petition. The evidence in support of the application was in the form authorized by statute, and was sufficient, certainly if not controverted. No counter affidavit was filed, hence it seems clear that the judgment should have been opened up and the controversy in issue between the parties should have been tried out.

The judgment of the court below is reversed, with directions to open up the judgment obtained on publication service and to try out the issues presented by the pleadings of the parties.